UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 0:25-cv-60236

ANDRES HERNANDEZ
HERNANDEZ, and all others
similarly situated,

     Plaintiffs,

vs.

CASTLEGATE BUILDING
CORPORATION,

     Defendant.

## COLLECTIVE ACTION COMPLAINT

1.     Plaintiff, ANDRES HERNANDEZ HERNANDEZ ("Plaintiff") brings this Collective Action against Defendant, CASTLEGATE BUILDING CORPORATION ("Defendant") for overtime compensation, liquidated damages, reasonable attorneys' fees and costs, and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 *et. seq.*

2.     During all material times, Plaintiff has been an individual above the age of eighteen, and performed work for the Defendant in the State of Florida.

3.     During all material times, Defendant conducted business within the State of Florida, and maintains its Principal Place of Business in Broward County, Florida.

4.     The Defendant refused to pay Plaintiff, and other similarly situated employees earned overtime throughout their respective employment periods.

5.     By failing to pay overtime wages to Plaintiff and all others similarly situated persons as detailed herein, Defendant has violated the FLSA.

6.      Venue of this action is proper as the actions in Broward County, Florida, pursuant to 28 USC Sec. 1391(c), as Defendant maintains its Principal Place of Business in Broward County.

7.      Plaintiff has retained the undersigned law firm to represent him and has incurred attorney's fees and costs in bringing this action.

8.      Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## JURISDICTION

9.      Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

10.      The Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Defendant operated as an organization which sells and/or markets its services and/or goods and/or materials to customers and also provides its services for goods sold and transported from across state lines, and otherwise regularly engages in interstate commerce.

11.      For example, Plaintiff and similarly situated employees' duties involved servicing Defendant's vehicles and equipment which was transported through interstate commerce.  To perform their duties, Plaintiff and similarly situated employees were supplied tools by the Defendant to complete their jobs.  The tools that Defendant provided to Plaintiff and similarly situated employees moved in, or were produced for, interstate commerce.

## PARTIES

12.      At all times material hereto, Plaintiff and all others similarly situated, were employed by the Defendant as mechanics and laborers, and performed non-exempt duties on behalf of the Defendant during the material time period.

13.     Upon information and belief, the annual gross revenue of Defendant was at all times material hereto in excess of $500,000.00 per annum.

14.     By reason of the foregoing, Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

15.     At all times material hereto, Defendant managed, owned and operated a company for profit in Broward County, Florida and regularly exercised the authority to control the terms and conditions of Plaintiff's and similarly situated employees' employment.  For example, Defendant had the ability to hire and fire the Plaintiff, determine the work schedule of the Plaintiff, set the rate of pay of the Plaintiff, and control the finances and operations of its business. By virtue of such control and authority, Defendant was an employer of Plaintiff as such term is defined by 29 U.S.C. § 203(d).

16.     All conditions precedent, if any, have been completed prior to the filing of this suit.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

17.     Plaintiff re-alleges and incorporate herein by reference all allegations contained in Paragraphs 1 through 16 above.

18.     Plaintiff and those similarly situated are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

19.     Plaintiff and all similarly situated employees of Defendant are owed their overtime rate for each overtime hour they worked and were not properly paid.

20.     Defendant knowingly and willfully failed to pay Plaintiff and those similarly situated employees at time and one half of their regular rate of pay for all hours worked in excess of forty (40) hours per week.

21.     Plaintiff and those similarly situated are not exempt from the overtime provisions of the FLSA.

22.     The failure of Defendant to compensate Plaintiff and similarly situated employees at their given rate of pay for all hours worked is in violation of the FLSA.

23.     By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly employees have suffered damages plus incurring costs and reasonable attorneys' fees.

24.     As a result of Defendants' violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages as well as a third year of damages.

WHEREFORE, Plaintiff, and those similarly situated, demand judgment against Defendant for the payment of compensation for all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

## DEMAND FOR JURY TRIAL

25. Plaintiff demand trial by jury as to all issues so triable.

Dated:  February 10, 2025                          Respectfully submitted,

s/Jonathan S. Minick
Jonathan S. Minick, Esq.
FBN:  88743
E-mail:  jminick@jsmlawpa.com
Jonathan S. Minick, P.A.
169 E. Flagler St., Suite 1600
Miami, Florida 33131
Phone: (786) 441-8909
Counsel for Plaintiff