UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-60236-WPD

Andres Hernandez Hernandez,

        Plaintiff,

v.

Castlegate Building Corporation,

        Defendant.

_____/

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Castlegate Building Corporation ("Defendant"), by its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff Andres Hernandez Hernandez's Collective Action Complaint.

1. Plaintiff, ANDRES HERNANDEZ HERNANDEZ ("Plaintiff") brings this Collective Action against Defendant, CASTLEGATE BUILDING CORPORATION ("Defendant") for overtime compensation, liquidated damages, reasonable attorneys' fees and costs, and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act")., 29 U.S.C. §201, *et. seq*.

**RESPONSE:** Admits.

2. During all material times, Plaintiff has been an individual above the age of eighteen, and performed work for the Defendant in the State of Florida.

**RESPONSE:** Admits.

3. During all material times, Defendant conducted business within the State of Florida, and maintains its Principal Place of Business in Broward County, Florida.

CASE NO. 0:25-cv-60236-WPD

**RESPONSE:** Admits.

4.      The Defendant refused to pay Plaintiff, and other similarly situated employees earned overtime throughout their respective employment period.

**RESPONSE:** Denies.

5.      By failing to pay overtime wages to Plaintiff and all others similarly situated persons as detailed herein, Defendant has violated the FLSA

**RESPONSE:** Denies.

6.      Venue of this action is proper as the actions in Broward County, Florida (sic) pursuant to 28 U.S.C. Sec. 1391(c), as Defendant maintains its Principal Place of Business in Broward County

**RESPONSE:** Admits.

7.      Plaintiff has retained the undersigned law firm to represent him and has incurred attorney's fees and costs in bringing this action.

**RESPONSE:** Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

8.      Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

**RESPONSE:** Denies.

## **JURISDICTION**

9.      Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

**RESPONSE:** Admits.

10.      The Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Defendant operated as an

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

2

CASE NO. 0:25-cv-60236-WPD

organization which sells and/or markets its services and/or goods and/or materials to customers and also provides its services for goods sold and transported from across state lines, and otherwise regularly engages in interstate commerce.

**RESPONSE:** Admits.

11.     For example, Plaintiff and similarly situated employees' duties involved servicing Defendant's vehicles and equipment which was transported through interstate commerce.  To perform their duties, Plaintiff and similarly situated employees were supplied tools by the Defendant to complete their jobs.  The tools that Defendant provided to Plaintiff and similarly situated employees moved in, or were produced for, interstate commerce.

**RESPONSE:** Admits.

## PARTIES

12.     At all times material hereto, Plaintiff and all others similarly situated, were employed by the Defendant, as mechanics and laborers, and performed non-exempt duties on behalf of the Defendant during the material time period.

**RESPONSE:** Denies.

13.     Upon information and belief, the annual gross revenue of Defendant was at all times material hereto in excess of $500,000.00 per annum.

**RESPONSE:** Admits.

14.     By reason of the foregoing, Defendant is and was, during all times thereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

**RESPONSE:** Admits.

15.     At all times material hereto, Defendant managed, owned and operated a company

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

3

CASE NO. 0:25-cv-60236-WPD

for profit in Broward County, Florida and regularly exercised the authority to control the terms and conditions of Plaintiff's and similarly situated employees' employment. For example, Defendant had the ability to hire and fire the Plaintiff, determine the work schedule of the Plaintiff, set the rate of pay of the Plaintiff, and control the finances and operations of its business. By virtue of such control and authority, Defendant was an employer of Plaintiff as such term is defined by 29 U.S.C. § 203(d)

**RESPONSE:** Admits.

16. All conditions precedent, if any, have been completed prior to the filing of this suit.

**RESPONSE:** Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

17. Plaintiff re-alleges and incorporate herein by reference all allegations contained in Paragraphs 1 through 16 above.

**RESPONSE:** Defendant repeats the above responses.

18. Plaintiff and those similarly situated are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of Forty (40) hours per week.

**RESPONSE:** Denies.

19. Plaintiff and all similarly situated employees of Defendant are owed their overtime rate for each overtime hour they worked and were not properly paid.

**RESPONSE:** Denies.

20. Defendant knowingly and willfully failed to pay Plaintiff and those similarly situated employees at time and one half of their regular rate of pay for all hours worked in excess of forty (40) hours per week.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

4

CASE NO. 0:25-cv-60236-WPD

**RESPONSE:** Denies.

21.     Plaintiff and those similarly situated are not exempt from the overtime provisions of the FLSA.

**RESPONSE:** Denies.

22.     The failure of Defendant to compensate Plaintiff and similarly situated employees at their given rate of pay for all hours worked is in violation of the FLSA.

**RESPONSE:** Denies.

23.     By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly (sic) employees have suffered damages plus incurring (sic) costs and reasonable attorneys' fees.

**RESPONSE:** Denies.

24.     As a result of Defendants' violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages as well as a third year of damages.

**RESPONSE:** Denies.

## DEMAND FOR JURY TRIAL

25.     Plaintiff demand (sic) trial by jury as to all issues so triable.

**RESPONSE:** Admits.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.     Defendant did not violate the overtime provisions of the Fair Labor Standards Act ("FLSA") because Plaintiff was an exempt employee by virtue of the administrative and/or executive exemption as set forth in Section 13(a)(1) of the FLSA.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

5

CASE NO. 0:25-cv-60236-WPD

**SECOND AFFIRMATIVE DEFENSE**

2.      Plaintiff's liquidated damages claims, if any, are barred by the provisions of the Portal-to-Portal Act, 29, USC § 260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing the acts or omissions were not in violation of the FLSA.

**THIRD AFFIRMATIVE DEFENSE**

3.      Some or all of the Complaint fails to state a claim upon which relief can be granted because Plaintiff has failed to state with the requisite specificity how many hours he worked over forty in a workweek and/or how much overtime compensation he claims to be entitled to.

**FOURTH AFFIRMATIVE DEFENSE**

4.      During his employment, Plaintiff never raised the matter of hours allegedly worked with the Defendant.  Thus, Plaintiff is estopped to claim that he, at any time during his employment with the Defendant, was deprived of compensation.

**FIFTH AFFIRMATIVE DEFENSE**

5.      Plaintiff has unclean hands which bars any and all recovery from the Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

6.      Plaintiff fails to state a cause of action under the FLSA against Defendant for enterprise liability, as Defendant does not constitute an enterprise within the statutory definition of "enterprise" under 29 U.S.C. § 203(r) & (s).

WHEREFORE, Defendant Castlegate Building Corporation requests that this Court render final judgment in favor of the Defendant whereby Plaintiff takes nothing by his claims, that Plaintiff be denied all attorneys' fees and costs, and Defendant be awarded attorneys' fees and costs.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

CASE NO. 0:25-cv-60236-WPD

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: March 11, 2025
        Boca Raton, Florida

Respectfully submitted,

Eric Lee (Bar No. 961299)
lee@leeamlaw.com
Samantha Lee (Bar No. 1038926)
slee@leeamlaw.com
Lee & Amtzis, P.L.
5550 Glades Road, Suite 401
Boca Raton, FL  33431
Telephone:  (561) 981-9988
**Attorneys for Defendant**
**Castlegate Building Corporation**

CASE NO. 0:25-cv-60236-WPD

## SERVICE LIST

**Attorneys for Plaintiff**
**Andres Hernandez Hernandez**

Jonathan S. Minick, Esq.
jminick@jsmlawpa.com
1850 S.W. 8th St., Ste. 307
Miami, FL  33135

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

8